## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL CULBERTSON, KATHY NEAL, KELLY ALLISON-PICKERING, JESSICA HAIMAN, ALEXANDER CABOT, BRIANA JULIUS, NICHELLE NEWLAND, BERNADETTE NOLEN and ALEXANDRIA POLICHENA, *individually and on behalf of all others similarly situated*, | **Case No.: 1:20-cv-3962-LJL (lead case)** |
| | *Consolidated with* |
| | **Case No.: 1:20-cv-4129-LJL** |
| Plaintiffs, | **Case No.: 1:20-cv-4077-LJL** |
| | **Case No.: 1:20-cv-4362-LJL** |
| v. | **Case No.: 1:20-cv-5070-LJL** |
| DELOITTE CONSULTING LLP, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL, INTERIM LIAISON COUNSEL, AND INTERIM EXECUTIVE COMMITTEE PURSUANT TO FED. R. CIV. P. 23(g)(3)**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 3

III. APPLICABLE LAW .......................................................................................... 4

IV.  ARGUMENT ..................................................................................................... 5

    A.   Proposed Interim Class Counsel Have Performed Substantial Work
        Investigating and Litigating the Claims. ................................................... 5

    B.   Proposed Interim Class Counsel Have Significant Relevant Experience. .............. 6

        1.   Interim Lead Counsel – Jeffrey S. Goldenberg (Goldenberg
            Schneider, LPA) ...................................................................... 6

        2.   Interim Liaison Counsel – Frederic S. Fox (Kaplan Fox &
            Kilsheimer, LLP) .................................................................... 9

        3.   Interim Executive Committee ................................................... 10

            a.   Katrina Carroll (Carlson Lynch LLP) – Discovery Committee
                Chair ............................................................................ 10

            b.   Gary E. Mason (Mason Lietz & Klinger LLP) – Pleadings
                Committee Chair ........................................................... 11

            c.   Charles E. Schaffer (Levin Sedran & Berman LLP) –
                Depositions Committee Chair ......................................... 13

             d.   Melissa S. Weiner (Pearson, Simon & Warshaw, LLP) –
                 Law and Briefing Committee Chair ................................. 15

            e.   John A. Yanchunis (Morgan & Morgan Complex Litigation
                 Group) – Expert Committee Chair ................................. 16

            f.   Tiffany M. Yiatras (Consumer Protection Legal, LLC) –
                Third Party Discovery Committee Chair ......................... 18

            g.   Thomas A. Zimmerman, Jr. (Zimmerman Law Offices, P.C.) –
                Plaintiff Vetting and Discovery Chair ............................. 19

    C.   Proposed Interim Class Counsel Have Committed, And Will Continue to
        Commit, The Resources Necessary To Represent The Class ............................... 20

    D.   Other Factors Support Designating Proposed Interim Class Counsel ................. 20

V.   CONCLUSION .................................................................................................. 25

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bernstein v. Cengage Learning, Inc.*,
No. 18-cv-7877-VEC-SLC, 2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019)................................4

*Buonasera v. Honest Co., Inc.*,
318 F.R.D. 17 (S.D.N.Y. 2016) ...............................................................................................4

*In re Aluminum Phosphide Antitrust Litig.*,
No. 93-2452, 1994 WL 4818487 (D. Kan. May 17, 1994).......................................................21

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ...........................................................................................21

*In re Mun. Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008) .............................................................................................4

*Szymczak v. Nissan N. Am., Inc.*,
No. 10 CV 7493 VB, 2012 WL 1877306 (S.D.N.Y. May 15, 2012) ........................................1

**Rules**

Federal Rules of Civil Procedure
Rule 23, Advisory Committee Notes (2003) ............................................................................4
Rule 23(g)(1)(B) .......................................................................................................................4
Rule 23(g)(1)(C) .....................................................................................................................20
Rule 23(g)(3)....................................................................................................................1, 4, 6

**Treatises**

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004)
§ 10.21.....................................................................................................................................22
§ 10.22.....................................................................................................................................21
§ 10.221.....................................................................................................................................5
§ 10.272...................................................................................................................................21
§ 10.23.....................................................................................................................................22
§ 21.11...................................................................................................................................1, 4
§ 21.22.......................................................................................................................................5
§ 21.221.......................................................................................................................6, 7, 9, 10

**Other Authorities**

Bolch Jud. Inst., Duke Law Sch., Guidelines and Best Practices for Large and
Mass-Tort MDLs, 32 (2d ed. 2018) ("Duke Guidelines")...........................................1, 21, 22

Plaintiffs Paul Culbertson, Kathy Neal, Kelly Allison-Pickering, Jessica Haiman, Alexander Cabot, Briana Julius, Nichelle Newland, Bernadette Nolen, and Alexandria Polichena ("Plaintiffs"), individually and on behalf of all others similarly situated, submit this Memorandum of Law in support of Plaintiffs' Motion for Appointment of Interim Lead Counsel, Interim Liaison Counsel, and Interim Executive Committee Pursuant to Fed. R. Civ. P. 23(g)(3).

## I.    <u>INTRODUCTION</u>

Federal Rule of Civil Procedure 23(g)(3) allows for the appointment of interim class counsel "to act on behalf of a putative class prior to the certification of a case as a class action." *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Id*. (citing MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004)).

Plaintiffs respectfully submit this memorandum of law in support of their motion requesting that the Court designate Jeffrey S. Goldenberg (Goldenberg Schneider, L.P.A.) as Interim Lead Counsel; Frederic S. Fox (Kaplan Fox & Kilsheimer LLP) as Interim Liaison Counsel; and Katrina Carroll (Carlson Lynch LLP), Gary E. Mason (Mason Lietz & Klinger LLP), Charles S. Schaffer (Levin Sedran & Berman LLP), John A. Yanchunis (Morgan & Morgan Complex Litigation Group), Tiffany M. Yiatras (Consumer Protection Legal, LLC), Melissa S. Weiner (Pearson, Simon & Warshaw, LLP), and Thomas A. Zimmerman, Jr. (Zimmerman Law Offices, P.C.) as Interim Executive Committee members (collectively, "Proposed Interim Class Counsel").[1]

---

[1] Plaintiffs identify individual counsel for appointment. *See, e.g.*, Bolch Jud. Inst., Duke Law Sch., Guidelines and Best Practices for Large and Mass-Tort MDLs, 32 (2d ed. 2018) ("Duke Guidelines") ("Although some courts appoint firms to serve in leadership positions, it is usually preferable to appoint individual lawyers…."). Proposed Interim

Plaintiffs propose that Interim Lead Counsel, in consultation with Interim Liaison Counsel and the Executive Committee, shall have responsibility for strategic decisions associated with the prosecution of these consolidated cases (and any subsequently filed consolidated case). As described below, this proposed leadership structure will permit Plaintiffs to prosecute this case efficiently and in the best interests of the putative class. The proposed leadership structure is also supported by the following additional factors:

- Proposed Interim Class Counsel have performed substantial work investigating and litigating these claims;

- Proposed Interim Class Counsel have the experience (including substantial experience litigating privacy and data breach class actions), knowledge, and resources to continue to prosecute this action in the putative class' best interests;

- The proposed leadership structure has the support of all the Plaintiffs and firms involved in this litigation. This is particularly significant because many of the firms involved are qualified to lead the case in their own right and have agreed to support this proposed leadership structure; and

- Proposed Interim Executive Committee members are diverse insofar as there are three women and four men proposed and counsel are geographically diverse, ensuring that the members of the class (who are in some cases minors represented by their parents) are represented by appropriate counsel.

---

Class Counsel, however, also commit the resources, skills, and experience of others within their respective firms to the litigation, and to that end, provide firm information for this Court's consideration as well.

II.   **BACKGROUND**

This litigation arises out of Deloitte's failure to exercise reasonable care to safeguard Plaintiffs' and absent class members' personally identifiable information ("PII") as part of its administration of the federal government's Pandemic Unemployment Assistance ("PUA") program, which was formed in the wake of the COVID-19 pandemic. Specifically, Deloitte contracted with state agencies—including the Ohio Department of Job and Family Services, the Illinois Department of Employment Security, and the Colorado Department of Labor and Employment—to help those states administer the PUA program by designing, building, and maintaining web-based portals through which individuals may apply for unemployment benefits and communicate with state agencies. Plaintiffs allege Deloitte did not use reasonable care in building and maintaining those portals. As a result, in the spring of 2020, hundreds of thousands of unemployment applicants' PII (and the PII of some applicants' family members), including social security numbers, financial information and other sensitive information, was accessible to unauthorized persons.

Multiple consumer class actions were filed asserting claims arising out of this data breach. On June 23, 2020, the Court entered an order consolidating case numbers 20-cv-3962, 20-cv-4129, 20-cv-4077, and 20-cv-4362. ECF No. 10. On July 2, 2020, the Court also consolidated case number 20-cv-5070. ECF No. 24. Plaintiffs now seek Court approval of a leadership structure that will further facilitate the orderly and expeditious resolution of this litigation. As discussed in more detail below, Plaintiffs' counsel have self-organized into various committees and have been efficiently litigating this case. Though this motion, Plaintiffs' counsel seek the Court's approval of this structure to facilitate the prosecution of this litigation in an orderly manner.

### III.   <u>APPLICABLE LAW</u>

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004); *see also Buonasera v. Honest Co., Inc*., 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (similar); *Bernstein v. Cengage Learning, Inc.*, No. 18-cv-7877-VEC-SLC, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Bernstein*, 2019 WL 6324276, at *1; *In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of the

Court's review is to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. MANUAL FOR COMPLEX LITIGATION § 21.22 (4th ed. 2004). The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

## IV.   <u>ARGUMENT</u>

Proposed Interim Class Counsel satisfy all requirements for appointment by the Court. These attorneys have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers, including some of the largest and most complex. *See, e.g.*, *In re: Yahoo! Inc. Customer Data Breach Security Litigation*, No. 5:16-md-02752 (N.D. Cal.); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-02800 (N.D. Ga.); *In Re: U.S. Office of Personnel Management Data Security Breach Litigation*, No. 15-1393 (ABJ), MDL No. 2664 (D.D.C.); *In Re: Department of Veterans Affairs (VA) Data Theft Litigation*, No. 1:2006-mc-00506, MDL No. 1796 (D.D.C.); *Torres, et al. v. Wendy's International LLC*, Case No. 6:16-cv-210-PGB-DCI (M.D. Fla.); *Tsao v. Captiva MVP Restaurant Partners, LLC*, Case No. 8:18-cv-1606-T-23MAP. Jeffrey Goldenberg, as well as proposed Interim Liaison Counsel and the members of the proposed Executive Committee, have the necessary resources to prosecute the litigation and are already working, and will continue to work, cooperatively to efficiently and effectively manage the litigation, as they have repeatedly done in the past. Because Proposed Interim Class Counsel have the case management and complex litigation skills, knowledge of the factual and legal issues at issue, and extensive resources needed to efficiently prosecute this action, Plaintiffs' motion should be granted.

### A.  Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims.

Proposed Interim Class Counsel have been investigating these claims since May 2020, and

have invested substantial time on this case. The substantial work performed to date includes: investigating the facts surrounding the data breach; interviewing numerous consumers injured by the data breach; researching legal claims; drafting initial pleadings; organizing plaintiffs and counsel and consolidating the relevant actions for unified proceedings; drafting a consolidated class action complaint; identifying potential experts; analyzing topics for discovery and drafting discovery requests; and exploring potential early resolution with counsel for Defendant.

Proposed Interim Lead Counsel has efficiently and effectively organized Proposed Interim Class Counsel's efforts during this period. The facts alleged are egregious in terms of the information exposed and scope of the victims. Accordingly, Plaintiffs' counsel worked to quickly organize to attempt to address the merits on an expedited basis and avoid any delay that could be caused by a dispute over leadership. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity. As such, Proposed Interim Class Counsel now operate as a cohesive, well-organized group. This ensures that the work is completed efficiently, and the time and expense is managed. Accordingly, the substantial work and investigation to date described above weigh in favor of appointing Proposed Interim Class Counsel pursuant to Rule 23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interest of the class.

### B. Proposed Interim Class Counsel Have Significant Relevant Experience.

1. Interim Lead Counsel – Jeffrey S. Goldenberg (Goldenberg Schneider, LPA)[2]

Lead counsel are charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004). "Typically they act for the group—either personally

---

[2] Attached hereto as **Exhibit A** is the Goldenberg Declaration which includes the firm resume for Goldenberg Schneider, LPA. Additional information is available at www.gs-legal.com.

or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met." *Id*.

Plaintiffs propose that the Court designate Jeffrey S. Goldenberg to be Interim Lead Counsel. Jeffrey S. Goldenberg, one of the co-founders of Goldenberg Schneider, LPA, has been litigating complex civil actions for over twenty-four years. *See* Declaration of Jeffrey Goldenberg in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Goldenberg Decl."), ¶ 3. Mr. Goldenberg has served as lead, co-lead, or class counsel in numerous successful MDLs and class actions. *See, e.g.*, *In re Department of Veterans Affairs (VA) Data Theft Litig.*, MDL No. 1796, No. 1:06-mc-00506 (D.D.C.) (class counsel; $20 million settlement); *In re: Ford Motor Co. Spark Plug and 3-Valve Engine Products Liability Litigation*, MDL No. 2316, No. 1:12-MD-2316 (N.D. Ohio) (co-lead counsel; nationwide settlement providing reimbursement for out-of-pocket costs to millions of vehicle owners); *Lynevych v. MercedesBenz USA, LLC*, No. 2:16-cv-881 (D.N.J.) (executive committee member; $700 million nationwide settlement recently announced in diesel emissions fraud litigation); *Sunyak v. City of Cincinnati*, No. 1:11-cv-00445 (S.D. Ohio) (co-lead counsel; employee benefits settlement valued at over $50 million); *Parker v. Berkeley Premium Nutraceuticals*, No. 04 CV 1903 (Ohio C.P. Montgomery) (co-lead counsel; nationwide consumer fraud settlement refunding over $24 million); *Linneman v. Vita-Mix Corporation*, No. 1:15-cv-748 (S.D. Ohio) (class counsel; nationwide defective blender settlement offering replacement blade assemblies valued at $100 each to over five million class members); *Shin v. Plantronics, Inc.*, No. 5:18-cv-5626 (N.D. Cal.) (co-lead counsel; nationwide settlement

providing $25 and $50 cash payments to class members); *Hawkins v. Navy Federal Credit Union*, No. 1:19-cv-01186 (E.D. Va.) (co-lead counsel; $9.25 million common fund TCPA settlement); *Bahn v. American Honda Motor Company, Inc*., No. 2:19-cv-05984 (C.D. Cal.) (co-lead counsel); *Conti v. American Honda Motor Company, Inc*., No. 2:19-cv-2160 (C.D. Cal.) (co-lead counsel). *See* Goldenberg Decl., ¶ 4.

During the State Attorney General tobacco litigation battles, Mr. Goldenberg served as Special Counsel representing the State of Ohio against the tobacco industry and was part of the litigation team that achieved an unprecedented $9.86 billion settlement for Ohio taxpayers. This remains the largest settlement in Ohio history. *See State of Ohio, ex rel., Betty D. Montgomery v. Philip Morris, Inc*., No. 97-CVH05-5114 (Ohio C.P. Franklin). *See* Goldenberg Decl., ¶ 5.

Regarding privacy and data breach litigation, Mr. Goldenberg and his firm filed the first nationwide class action on behalf of more than 18 million veterans and military members impacted by the August 2006 theft of sensitive personal data. Additional cases filed across the country were consolidated by the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") in the District of Columbia. Mr. Goldenberg, along with proposed Executive Committee member Gary Mason, was appointed class counsel and successfully settled the case for $20 million. *Id*. at ¶ 6.

Mr. Goldenberg also filed the first nationwide class action lawsuit against Google for violating the Federal Wiretap Act in *In re: Google Inc. Street View Electronic Communications Litigation*, No. 3:10-md-02184-CRB (N.D. Cal.). The complaint alleged that Google routinely used Google Street View vehicles equipped with special hardware and software "snoopers" and "sniffers" to illegally intercept and record wireless electronic communications. Numerous other class actions were filed and consolidated by the J.P.M.L. in the Northern District of California. Mr. Goldenberg actively participated in this litigation in conjunction with lead counsel. The case

recently settled for $13 million. *See* Goldenberg Decl., ¶ 7.

In addition, Mr. Goldenberg initiated and settled *Estep v. J. Kenneth Blackwell, in his official capacity as Ohio Secretary of State*, No. 1:06-cv-106 (S.D. Ohio), a case against the Ohio Secretary of State seeking to end the Internet publication of PII of tens of thousands of individuals. This litigation was efficiently resolved through a comprehensive class-wide settlement whereby the Ohio Secretary of State agreed to implement immediate remedial measures to remove the personal and sensitive information from the Internet. Mr. Goldenberg is also actively participating in the following on-going privacy and data breach class actions: *In re: Marriott International, Inc. Customer Data Security Breach Litigation*, No. 8:19-md-02879 (D. Md.); *Schoolfield v. Wyze,* No. 2:20-cv-00282 (W.D. Wa.). *See* Goldenberg Decl., ¶ 8.

2. Interim Liaison Counsel – Frederic S. Fox (Kaplan Fox & Kilsheimer, LLP)[3]

Liaison counsel are primarily charged with administrative matters, such as communications between the court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004). Liaison counsel usually have offices in the same locality as the court. *Id.*

Here, Plaintiffs propose that Frederic S. Fox and his firm, Kaplan Fox & Kilsheimer, LLP ("Kaplan Fox"), serve as Interim Liaison Counsel. As a local attorney, Mr. Fox is intimately familiar with the local rules, practices, and procedures of this District. *See* Declaration of Frederic Fox in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Fox Decl."), ¶ 2. Kaplan Fox is a leading New York class action firm, including in the areas of data privacy and cyberlaw, and has successfully litigated numerous class action matters in this district and courts

---

[3] Attached hereto as **Exhibit B** is the Fox Declaration which includes the firm resume for Kaplan Fox. Additional information is available at www.kaplanfox.com.

throughout the nation. *Id*. at ¶ 3.

A sampling of the consumer class action cases in which Mr. Fox has served as lead counsel or co-lead counsel include *In re Bank of America Corp. Sec. Deriv., and ERISA Litig*., No. 1:09-md-020508-PKC (S.D.N.Y.) ($2.425 billion settlement that included significant corporate governance reforms); *In re Merrill Lynch & Co., Inc. Securities, Derivative, & ERISA Litigation*, No. 07-cv-9633 (S.D.N.Y.) (Mr. Fox was the primary attorney responsible for negotiating the $475 million settlement); and *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.) ($170 million settlement). Fox Decl., ¶ 4. Kaplan Fox also has significant experience in leadership roles in data breach, privacy and information technology class actions. *See, e.g., In re Home Depot, Inc., Customer Data Security Breach Litig*., No. 1:14-md-02583-TWT (N.D. Ga.), *In re 21st Century Oncology Data Breach Litig*., No. 8:16-md-02737-MS (M.D. Fla.) ($7.85 million settlement), and *Doe, et al., v. Caremark, et al*., No. 2:18-cv-00488-EJS (S.D. Ohio) ($4.4 million settlement). Fox Decl., ¶ 5.

### 3. Interim Executive Committee

Executive committees, or steering committees, are useful where group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004).

#### a. *Katrina Carroll (Carlson Lynch LLP)[4] – Discovery Committee Chair*

Katrina Carroll has been managing complex class actions for almost twenty years. She is the managing partner of the Chicago office of Carlson Lynch and Co-Chair of the firm's Executive Management Committee. *See* Declaration of Katrina Carroll in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Carrol Decl."). ¶¶ 1, 3. Ms. Carrol chairs the Discovery

---

[4] Attached hereto as **Exhibit C** is the Carroll Declaration which includes the Carlson Lynch firm resume. Additional information is available at www.carlsonlynch.com.

Committee. In this role, Ms. Carrol's responsibilities include developing and negotiating relevant protocols and stipulations (*e.g.*, ESI protocol; Search Protocol; Protective Order); drafting discovery requests to Defendant; and managing document review.

Ms. Carrol and Carlson Lynch have been at the forefront in data breach and privacy litigation in federal courts, obtaining leadership appointments in many of the largest and most well-known cases. For example, Carlson Lynch served as co-lead counsel in: *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL 2800 (N.D. Ga.); *In re Home Depot Customer Data Sec. Breach Litig.*, MDL 2583 (N.D. Ga.) ($27.25 million settlement); and *First Choice Federal Credit Union v. The Wendy's Company*, No. 2:16-cv-0506, (W.D. Pa.) ($50 million settlement). Carlson Lynch was appointed to the Executive Committee in *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.), a case that resulted in recoveries exceeding $49 million.

Ms. Carrol was the Court-appointed Co-Lead counsel in *Lewert v. PF Chang's China Bistro, Inc.*, No. 1:14-cv-04787 (N.D. Ill.). Carrol Decl., ¶ 4. Her advocacy helped create precedent that benefits all data breach victims by obtaining a landmark ruling in the Seventh Circuit on Article III standing, hailed by Law360 as one of the "top privacy cases" of 2016. That decision confirmed that the increased risk of identity theft caused by negligent exposure of confidential information is a concrete injury-in-fact for standing purposes. *See* 819 F.3d 963, 967 (7th Cir. 2016). Ms. Carrol was also appointed to the Plaintiffs' Steering Committee in *In re Ashley Madison Customer Data Sec. Breach Litigation*, No. 4:15-md-2669 (E.D. Mo.), an MDL involving the highly publicized breach at Ashley Madison, which settled for $11.2 million. Carrol Decl., ¶ 4.

       *b.*  *Gary E. Mason (Mason Lietz & Klinger LLP)[5] – Pleadings Committee Chair*

Mason Lietz & Klinger, a newly formed class action law firm with offices in Washington,

---

[5] Attached hereto as **Exhibit D** is the Mason Declaration which includes the Mason Lietz & Klinger, LLP firm resume. Additional information is available at www.masonllp.com.

D.C. and Chicago, brings with it decades of class action experience. For the past 28 years, Founding Partner Gary E. Mason has devoted his practice exclusively to class actions, with an emphasis on consumer fraud in a variety of contexts, including data security breaches. *See* Declaration of Gary Mason in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Mason Decl."), ¶¶ 1-5. Mr. Mason chairs the Pleadings Committee. In this role, Mr. Mason has already overseen and successfully managed the preparation of the Consolidated Amended Complaint and stands ready to address any subsequent amendments as necessary. Mr. Mason and the Pleadings Committee will also assist with any anticipated motions addressed to the pleadings.

Mr. Mason has served as Lead Counsel, Co-Lead Counsel or Class Counsel in dozens of class actions ranging from defective construction materials (*e.g.*, defective radiant heating systems, siding, shingles, and windows), to misrepresented and recalled products (*e.g.*, dog food, prenatal vitamins), and environmental incidents (the Exxon Valdez, BP Oil Spill). These cases include: *In re Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litig.*, MDL No. 2887, No. 2:19-md- 02887 (D. Kan.) (court-appointed Co-Lead Counsel); *Cox v. Shell Oil Co.*, No. 18844, 1995 WL 775363 (Ch. Ct. Tenn., July 31, 1995) ($950 million settlement); *Hobbie v. RCR Holdings, II, LLC*, No. 10-113, MDL No. 2047 (E.D. La.) ($30 million settlement); *Adams v. Fed. Materials*, No. 5:05-CV-90-R, 2006 WL 3772065 (W.D. Ky. Dec. 19, 2006) ($10.1 million settlement); *In re MI Windows & Doors Inc. Prod. Liab. Litig.*, No. 2:12-MN-00001-DCN, MDL No. 2333, 2015 WL 4487734 (D.S.C. July 23, 2015); *In re Synthetic Stucco Litig.*, No. 5:96-CV-287-BR(2), 2004 WL 2881131 (E.D.N.C. May 11, 2004) (settlements valued at more than $50 million); *Posey v. Dryvit Sys., Inc.*, No. 17,715-IV, 2002 WL 34249530 (Tenn. Cir. Ct. Oct. 1, 2002) (Co-Lead Counsel); *Galanti v. Goodyear Tire & Rubber Co.*, No. 03CV00209, 2004 WL 6033527 (D.N.J. Nov. 17,

2004) (Class counsel; $330 million settlement); and *In re Zurn Pex Prod. Liab. Litig.*, No. 08-MDL-1958, 2013 WL 716088 (D. Minn. Feb. 27, 2013) (Plaintiffs' Executive Committee; $20 million claims made settlement). *See* Mason Decl., ¶ 7.

With respect to privacy cases, Mason Lietz & Klinger is presently litigating more than fifty cases across the country involving privacy, data breaches, and ransomware. *See* Mason Decl., ¶¶ 4-13. Together with Gary M. Klinger, Mr. Mason served as Co-Lead Counsel in *T.K. v. Bytedance Technology Co.*, No. 1:19-cv-07915 (N.D. Ill.) ($1.2 million settlement). Mr. Mason currently serves as Court-appointed Liaison Counsel in *In re U.S. Off. of Pers. Mgmt. Data Security Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017). He was Co-Lead Counsel in *In re Dep't of Veterans Aff. (VA) Data Theft Litig.*, 2007 WL 7621261 (D.D.C. Nov. 16, 2007) ($20 million settlement fund) and court-appointed Lead Counsel in *In re Google Buzz Privacy Litig.*, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ($10 million settlement). *See* Mason Decl., ¶¶ 4-13.

c. *Charles E. Schaffer (Levin Sedran & Berman LLP)[6] – Depositions Committee Chair*

Leading the Levin Sedran & Berman ("LSB") team is Charles E. Schaffer, a partner with the firm. With over 25 years of experience, Mr. Schaffer is a nationally-recognized leader in complex and class action litigation, having been appointed as Lead or Co-Lead counsel or as a Plaintiffs' Steering Committee member on a regular basis by federal courts across the country, including in consumer class actions involving defective products, environmental contamination, data breaches, and unfair and deceptive practices. *See generally* Declaration of Charles E. Schaffer in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Schaffer Decl."). Mr. Schaffer chairs the Deposition Committee. In this role, Mr. Schaffer will oversee the

---

[6] Attached hereto as **Exhibit E** is the Schaffer Declaration which includes the Levin Sedran & Berman, LLP firm resume. Additional information is available at www.lfsblaw.com.

preparation for and taking of fact witness depositions and will interact closely with the Discovery Committee and the Plaintiff Vetting and Plaintiff Discovery Committees.

Mr. Schaffer has been appointed to leadership positions in MDLs by various courts across the nation. *See* Schaffer Decl., ¶¶ 5-7 (citing dozens of cases). He has concentrated his practice in representing consumers victimized by defective products and securing relief for victims of data breaches and unfair or deceptive practices. *Id.* Through smart, efficient strategy and tailored creative problem-solving, Mr. Schaffer and LSB have recovered billions of dollars for victims of environmental disasters, defective products, data breaches and unfair or deceptive practices. For example, Mr. Schaffer was instrumental in bringing about nation-wide settlements in, inter alia, *In re Wells Fargo Insurance Marketing Sales Practice Litigation*, MDL No. 2797 ($423,500,000); *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No. 1817 (E.D. Pa.) (valued at $815,000,000); *In re CertainTeed Fiber Cement Siding Litigation*, MDL No. 2270 (E.D. Pa.) ($103,900,000); *Pollard v. Remington Arms Company*, No. 4:13-CV-00086-ODS (W.D. Mo.) (valued at $97,000, 000); and *In re: JP Morgan Modification Litigation*, MDL No. 2290 (D. Mass.) (valued at $506,000,000).

Of particular relevance to this litigation, Mr. Schaffer and LSB have extensive experience in data breach and privacy cases, including serving as a member of leadership in *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.) ($39 million settlement); *Green v. Accolade, Inc.*, No. 2:18-cv-00274 (E.D. Pa.); *Kuss v. American Home Patient, Inc.,* No. 8:18 -cv-0248 (M.D. Fla.); *Abdelmessih v. Five Below, Inc.,* No. 2:19-cv-01487 (E.D. Pa.); *Byrd v. Aaron's Inc*., No. 11-101 (W.D. Pa.); *Peterson v. Aaron's Inc*., No. 1-14-cv-1919 (N.D. Ga.); *In re Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-1330 (N.D. Cal.) and *In re Hudson's Bay Co. Data Security Incident Consumer Litig.,* No. 18-cv-8472 (S.D.N.Y.).

In addition, in *In re Marriott International, Inc., Customer Data Security Breach Litigation,* MDL No. 2879 (D. Md.), Mr. Schaffer served as member of plaintiffs' screening committee and assisted leadership in vetting plaintiffs for inclusion in the consolidated amended complaint.

> d. *Melissa S. Weiner (Pearson, Simon & Warshaw, LLP) – Law and Briefing Committee Chair*

Melissa Weiner is a partner with Pearson, Simon & Warshaw, LLP ("PSW"), a firm with offices in Minneapolis, Los Angeles, and San Francisco. *See* Declaration of Melissa S. Weiner in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Weiner Decl."), ¶ 1.[7] Ms. Weiner chairs the Law and Briefing Committee. In this role, Ms. Weiner will manage and oversee researching legal issues and preparing motions and responding to any motions.

Ms. Weiner currently chairs the plaintiffs' executive committee in *In Re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation*, No. 1:16-md-02695-JB-LF (D.N.M.), and serves as co-lead counsel in *In re Fairlife Milk Products Marketing and Sales Practices Litigation*, No. 19-cv-3924 (N.D. Ill.) and in *In re Deva Concepts Products Liability Litigation*, No. 1:20-cv-01234-GHW (S.D.N.Y). Weiner Decl., ¶ 3. Additionally, Ms. Weiner has been named class counsel—and achieved significant results for consumers—in the following actions: *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-KAM-RLM (E.D.N.Y.); *Martin et al. v. Cargill, Inc.*, No. 1:14-cv-00218-LEKBMK (D. Haw.); *Gay v. Tom's of Maine, Inc.*, No. 0:14-cv-60604-KMM (S.D. Fla.); *Baharestan v. Venus Laboratories, Inc. d/b/a Earth Friendly Products, Inc.*, No. 315-cv-03578-EDL (N.D. Cal.): *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496-JAL (S.D. Fla.). *See* Weiner Decl., ¶ 5.

---

[7] Attached hereto as **Exhibit F** is the Weiner Declaration which includes the Pearson, Simon & Warshaw, LLP firm resume. Additional information is available at www.pswlaw.com

Ms. Weiner helped achieve significant settlements in *Weckwerth v. Nissan North America, Inc*., No. 3:18-cv-00588 (M.D. Tenn.); *In Re Windsor Wood Clad Window Product Liability Litigation*, No. 16-MD-02688 (E.D. Wis.) (steering committee); and *In Re Samsung Top-Load Washing Machine Marketing, Sales Practices & Product Liability Litigation*, No. 5:17-md-02792 (W.D. Okla.) (steering committee). *See* Weiner Decl., ¶ 4.

Ms. Weiner has also played an active role in several data security breach litigations. *See Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation*, No. 3:18-MD-02828 (D. Or.); *Ford, et al., v. [24]7.ai, Inc.*, No. 18-cv-02770-BLF (N.D. Cal.); *Johnson v. Zynga, Inc.*, No. 4:20-cv-02024-YGR (N.D. Cal.) (alleging defendant failed to secure and safeguard consumers' PII, leading to the loss of PII associated with 173 million user accounts, including numerous minors). *See* Weiner Decl., ¶ 8.

e.  *John A. Yanchunis (Morgan & Morgan Complex Litigation Group)[8] – Expert Committee Chair*

Mr. Yanchunis leads Morgan & Morgan's class action group. Morgan & Morgan is the largest plaintiffs, contingency-only law firm in the country, with approximately 600 lawyers in more than 50 offices throughout the United States. Its depth as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases. Mr. Yanchunis—whose career as a trial lawyer began over 38 years ago following the completion of a two-year clerkship with United States District Judge Carl O. Bue, Southern District of Texas, (now retired)—has efficiently led many privacy MDL and non-MDL class action proceedings as Lead or Co-Lead Counsel. Mr. Yanchunis chairs the Expert Committee. In this role, Mr. Yanchunis will manage and oversee all matters regarding experts, including identifying appropriate experts,

---

[8] Attached hereto as **Exhibit G** is the Yanchunis Declaration which includes the Morgan & Morgan firm resume. Additional information is available at www.forthepeople.com.

defending them in depositions, and preparing for and taking the depositions of Deloitte's experts.

Mr. Yanchunis has worked in privacy litigation since 1999. *See In re Doubleclick Inc. Privacy Litigation*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001); *Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.); *Fresco v. R.L. Polk,* No. 07-cv-60695-JEM (S.D. Fla.); *Davis v. Bank of America*, No. 05-cv-80806 (S.D. Fla.) (co-lead counsel; $10 million class settlement); *Kehoe v. Fidelity Fed. Bank & Trust*, No. 03-cv-80593 (S.D. Fla.) (co-lead counsel; $50 million class settlement).

Mr. Yanchunis' MDL data breach experience includes: *In re: Capitol One Consumer Data Sec. Breach Litig.*, No. 1:19-md-02915 (E.D. Va.) (Co-Lead Counsel); *In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 5:16-MD-02752-LHK (N.D. Cal.) (Lead Counsel; $117.5 million settlement); *In Re: Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-TWT (N.D. Ga.) (Steering Committee; $380.5 million settlement); *In re: U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, No. 1:15-mc-01394-ABJ (D.D.C.) (Executive Committee; dismissal on standing grounds recently reversed on appeal to the D.C. Circuit); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (Co-Lead Counsel; $29,025,000 settlement); and *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.) (Executive Committee member).

Mr. Yanchunis' court-appointed leadership experience in non-MDL, data breach class actions is likewise significant, including: *Adkins v. Facebook, Inc*., No. 3:18-cv-05982 (N.D. Cal.) (Co-Lead Counsel); *Walters v. Kimpton Hotel & Restaurant*, No. 3:16-cv-05387 (N.D. Cal.) (Lead Counsel); and *In re: Arby's Restaurant Group, Inc. Data Sec. Litig.*, Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (Co-Liaison Counsel).

Considering this experience and commitment to the cybersecurity arena, Mr. Yanchunis was recently recognized by Law360 as one of its three Cybersecurity MVPs for 2019. In 2016, Mr. Yanchunis was recognized by the National Law Journal as its 2016 Trailblazer in the Area of Cybersecurity & Data Privacy.

> f.  *Tiffany M. Yiatras (Consumer Protection Legal, LLC)*[9] *– Third Party Discovery Committee Chair*

Tiffany M. Yiatras is a founding Member of Consumer Protection Legal, LLC ("CPL"), a firm with offices in the Saint Louis, Missouri area. *See* Declaration of Tiffany M. Yiatras in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Yiatras Decl."), ¶ 3. Ms. Yiatras chairs the Third Party Discovery Committee. In this role, Ms. Yiatras will manage, implement, and oversee third-party discovery (*e.g.*, state unemployment agencies) and will work closely with the Discovery Committee.

Ms. Yiatras has been named class counsel, and obtained significant recoveries, in numerous class action lawsuits, including: *In re: TD Bank, N.A. Debit Card Overdraft Fee Litig.*, MDL 2613, No. 6:15-MN-2613-BHH (D.S.C.); *In re: Bank of America Credit Protection Marketing & Sales Practices Litig.,* MDL No. 2269, No. 11-md-2269 (N.D. Cal.) (Expert Sub-Committee and the Legal Writing Subcommittee); *Esslinger. v. HSBC Bank Nevada, N.A.,* No. 2-10-cv-03213-BMS (E.D. Pa.); *Hive, L.C., d/b/a The Hive v. Aspen Waste Systems of Missouri, Inc.,* No. 1322-CC00827 (Saint Louis, Missouri City Court) (Co-Lead Counsel); *Tucker v. Papa Johns' International, Inc.,* No. 16-L-49 (Saint Clair County Municipal Court, Illinois) (Co-Lead Counsel); *Griggs v. Walgreen Co., d/b/a Walgreens,* No. 11-L-685 (Illinois Circuit Court) (Co-Lead Counsel). *See* Yiatras Decl., ¶ 6.

---

[9] Attached hereto as **Exhibit H** is the Yiatras Declaration which includes the Consumer Protection Legal, LLC firm resume. Additional information is available at www.consumerprotectionlegal.com.

      *g.  Thomas A. Zimmerman, Jr. (Zimmerman Law Offices, P.C.)*[10] *– Plaintiff Vetting and Discovery Chair*

Thomas A. Zimmerman, Jr. is an established and respected trial lawyer who represents clients in complex litigation and class action lawsuits, recovering over $250 million on behalf of individuals and businesses. *See generally* Declaration of Thomas A. Zimmerman, Jr. in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Zimmerman Decl."). Over the past 24 years, he has been appointed lead counsel and to positions on plaintiffs' executive committees in nationwide class actions and multidistrict litigation involving claims for negligence, breach of contract, deceptive trade practices, and privacy violations including data breaches, in cases involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, Bridgestone/Firestone, and ADT Corporation. *Id.* ¶ 7. Mr. Zimmerman was selected as a *Super Lawyer* in the area of class action and mass torts in 2017, 2018, 2019 and 2020. *Id.* ¶ 8.

Some of the cases in which Mr. Zimmerman has served as class counsel include: *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL) ($62 million settlement); *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission,*, 98 CH 5500 (Cook Cnty, IL) ($48 million settlement); *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. Cal.) ($35 million settlement); *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL) ($31 million settlement). Zimmerman Decl., ¶ 12. A more comprehensive list is included in Mr. Zimmerman's Firm Resume.

Mr. Zimmerman has a special interest in attorney ethics and professionalism. In 2003, the Illinois Supreme Court appointed him to the Review Board of the Attorney Registration and

---

[10] Attached hereto as **Exhibit I** is the Zimmerman Declaration which includes the Zimmerman Law Offices, P.C. firm resume. Additional information is available at www.attorneyzim.com.

Disciplinary Commission ("ARDC"). *Id.* ¶ 10. He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed him as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC. Additionally, the Illinois Governor appointed him to the Illinois Courts Commission. *Id.* ¶ 11. A Commission member presides over proceedings wherein judges are charged with committing ethical violations and imposes discipline on judges who are found to have engaged in misconduct. Additional information about Mr. Zimmerman's background and experience is set forth in his Declaration.

### C. Proposed Interim Class Counsel Have Committed, And Will Continue to Commit, The Resources Necessary To Represent The Class

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment by devoting substantial resources to this litigation. In addition, Proposed Interim Class Counsel will pay assessments to ensure that adequate funds are available to prosecute this litigation, and that they will not accept any third-party litigation funding. As their firm resumes and related declarations indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial.

### D.  Other Factors Support Designating Proposed Interim Class Counsel

Notably, the proposed leadership structure has the support of all the Plaintiffs and all the

firms involved in this litigation. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 4818487, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the Court will also give due consideration to the preferences expressed by the parties themselves, through their counsel . . . . Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 274 (S.D.N.Y. 2009) (noting importance of lead counsel's "ability to coordinate their activities and seek consensus"); MANUAL FOR COMPLEX LITIGATION §§ 10.22 (4th ed. 2004) (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach). Indeed, Proposed Interim Class Counsel moved quickly to coordinate the proposed leadership structure to avoid any delay attendant with potential multi-district litigation proceedings due to the egregious nature of Defendant's alleged unlawful conduct and likelihood of imminent further harms to Plaintiffs and the Class Members. Proposed Interim Class Counsel seek this leadership structure to best serve the interests of the Class Members in the most efficient manner possible.

Proposed Interim Class Counsel also reflect the diversity of the bar and the Class Members—from the standpoint of age, gender, parental status, experience, and geographic location. *See* Duke Guidelines, *supra*, at 38 ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."). This is particularly important where, as here, Proposed Interim Class Counsel hail from most of the states where Plaintiffs suffered their harm, and where Plaintiffs are of varying ages and some have children or other dependents who were

also harmed by Defendant's alleged unlawful conduct. *See* Consolidated Amended Complaint ¶¶ 6-14. The diversity present amongst Proposed Interim Class Counsel reflects the diversity of the class.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are "critical to successful management of the litigation." MANUAL FOR COMPLEX LITIGATION § 10.23 (4th ed. 2004). One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. § 10.21. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines, *supra*, at 43. Selecting lawyers who have previously worked together has a number of benefits. They have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*.

Proposed Lead Counsel has previously worked with many of the Committee Chairpersons and their firms. For example, Mr. Goldenberg presently works with Mr. Mason and Mr. Schaffer on numerous dog food consumer fraud and mislabeling cases and three data breach cases. Likewise, he has worked cooperatively with John Yanchunis in the Marriott Data breach litigation

and has worked with Melissa Weiner on a prior food labeling case. Goldenberg Decl., ¶ 9.

Proposed Interim Lead Counsel also has established a good working relationship with King & Spalding, who is representing Defendant, as Mr. Goldenberg is co-lead counsel in two other pending class actions being defended by King & Spalding attorneys: *Bahn v. American Honda Motor Co., Inc.*, No. 2:19-cv-05984 (C.D. Cal.); and *Conti v. American Honda Motor Co., Inc.*, No. 2:19-cv-2160 (C.D. Cal.). Goldenberg Decl., ¶ 10. Ms. Weiner is likewise working with King & Spalding in *In Re Fairlife Milk Prods. Marketing and Sales Practices Litig.*, No. 1:19-cv-03924 (N.D. Ill.), as Interim Co-Lead Counsel.

Proposed Interim Class Counsel understand and have agreed to make contributions to fund this litigation, and they will not accept any third-party litigation funding. While Proposed Interim Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Proposed Interim Class Counsel have already discussed how best to organize to effectively use its members' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing. Attached for the Court's consideration is a proposed order outlining the roles of Proposed Interim Lead Counsel, Liaison Counsel, and the Executive Committee. *See* Exhibit K. The proposed order is based on guidance and language from a variety of sources, including the Manual on Complex Litigation, the Duke Guidelines, and orders entered in other cases. Proposed Interim Class Counsel have structured the Executive Committee so that each attorney serving the Committee will focus their efforts on coordinating Plaintiffs' counsel on one or more of the following areas: (i) law and motion briefing; (ii) depositions; (iii) defendant discovery; (iv) third party discovery; (v) plaintiff discovery; (vi) expert witnesses; and

(vii) pleadings. This structure will eliminate duplication of effort and ensure that each of these critical areas receives focused attention.

Moreover, to ensure the litigation is pursued efficiently, without unnecessary effort and duplication, Proposed Interim Class Counsel provisionally implemented a Time & Expense Protocol ("T&E Protocol") to ensure the early stages of this litigation are handled efficiently.[11] The T&E Protocol, among other elements, requires the following:

- All counsel will submit uniform, monthly billing reports to Interim Lead Counsel for auditing.

- Proposed Interim Lead Counsel has, and will continue to, maintain contemporaneous time records and has instructed all Plaintiffs' counsel to do so.

- Plaintiffs' counsel shall bill in increments no larger than one-tenth of an hour and shall maintain records in such a way that each billed activity is recorded separately.

- No work will be considered billable unless specifically assigned by Interim Lead Counsel.

- Interim Lead Counsel will staff the case efficiently on an as-needed basis, with staff of appropriate seniority, skill set, and expertise.

- Unless otherwise authorized by Interim Lead Counsel, only Interim Lead Counsel and counsel responsible for the relevant discovery will be permitted to attend depositions.

- All Plaintiffs' counsel shall seek reimbursement for only accommodations, airfare, and meals that are reasonable.

- All Plaintiffs' counsel shall take reasonable steps to conduct activities remotely (thereby avoiding travel expenses) when, in their and Proposed Interim Lead Counsel's judgment, remote participation will generate efficiencies and benefit the Class Members.

---

[11] The T&E Protocol is attached hereto as **Exhibit J**.

- All Plaintiffs' counsel shall not seek reimbursement for expenses or costs incurred as part of normal firm overhead costs.

To supplement this timekeeping protocol, Proposed Lead Counsel will distribute to all counsel required procedures to comply with the Court's order.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requ`est that the Court appoint Jeffrey S. Goldenberg (Goldenberg Schneider, L.P.A.) as Interim Lead Counsel; Frederic S. Fox (Kaplan Fox & Kilsheimer LLP) as Interim Liaison Counsel; and Katrina Carroll (Carlson Lynch LLP), Gary E. Mason (Mason Lietz & Klinger LLP), Charles E. Schaffer (Levin Sedran & Berman LLP), John A. Yanchunis (Morgan & Morgan), Tiffany M. Yiatras (Consumer Protection Legal LLC), Melissa S. Weiner (Pearson, Simon & Warshaw, LLP), and Thomas A. Zimmerman, Jr. (Zimmerman Law Offices, P.C.) as Interim Executive Committee members. A proposed Order granting this Motion is attached as Exhibit K.

Dated: September 8, 2020                     Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Frederic S. Fox*
        Frederic S. Fox

Frederic S. Fox (S.D.N.Y. Bar FF9102)
David A. Straite (S.D.N.Y. Bar DS0114)
850 Third Avenue
New York, NY 10022
Phone: (212) 687-1980
Fax: (212) 687-7714
*ffox@kaplanfox.com*
*dstraite@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (S.D.N.Y. Bar LK7190)
Matthew B. George*
1999 Harrison Street, Suite 1560

Oakland, California 94612
Phone: (415) 772-4700
Fax: (415) 772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*

**GOLDENBERG SCHNEIDER, L.P.A.**
Jeffrey S. Goldenberg (*pro hac vice*)
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8297
Fax: (513) 345-8294
*jgoldenberg@gs-legal.com*

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
John A. Yanchunis (*pro hac vice*)
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 275-5272
*JYanchunis@ForThePeople.com*

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
Amanda Peterson (Fed. Bar No. AP1797)
90 Broad Street, Suite 1011
New York, NY 10004
Phone: (212) 738-6299
*apeterson@forthepeople.com*

**LEVIN SEDRAN & BERMAN, LLP**
Charles E. Schaffer (*pro hac vice*)
510 Walnut Street – Suite 500
Philadelphia, PA 19106-3697
Phone: (215) 592-1500
*cschaffer@lfsblaw.com*

**THE LYON FIRM, P.C.**
Joseph M. Lyon (*pro hac vice*)
2754 Erie Ave
Cincinnati, Ohio 45208
Phone: (513) 381-2333
*jlyon@thelyonfirm.com*

**MASON LIETZ & KLINGER LLP**
Gary E. Mason (*pro hac vice*)
5101 Wisconsin Avenue, NW, Suite 305
Washington, D.C. 20016
Phone: (202) 640-1160
*gmason@masonllp.com*

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei*
Katherine M. Aizpuru (Fed. Bar No. 5305990)
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Phone: (202) 973-0900
Fax: (202) 973-0950
*hzavareei@tzlegal.com*
*kaizpuru@tzlegal.com*

**PEARSON, SIMON & WARSHAW, LLP**
Melissa S. Weiner (Fed. Bar No. 5547948)
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Phone: (612) 389-0600
Fax: (612) 389-0610
*mweiner@pswlaw.com*
*jbourne@pswlaw.com*

**KOPELOWITZ OSTROW FERGUSON**
 **WEISELBERG GILBERT**
Jeff Ostrow*
Jonathan M. Streisfeld*
1 West Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
Phone: (954) 525-4100
Fax: (954) 525-4300
*ostrow@kolawyers.com*
*streisfeld@kolawyers.com*

**ZIMMERMAN LAW OFFICES, P.C.**
Thomas A. Zimmerman, Jr. (*pro hac vice*)
Sharon A. Harris*
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Phone: (312) 440-0020
Fax: (312) 440-4180
*tom@attorneyzim.com*
*sharon@attorneyzim.com*

**DANNLAW**
Javier L. Merino (Fed. Bar. No. JM4291)
372 Kinderkamack Road, Suite 5
Westwood, NJ 07675
Phone: (201) 355-3440
Fax: (216) 373-0536
*notices@dannlaw.com*

**DANNLAW**
Marc E. Dann (*pro hac vice*)
Brian D. Flick*
PO Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Fax: (216) 373-0536
*notices@dannlaw.com*

**CARLSON LYNCH LLP**
Katrina Carroll (*pro hac vice*)
Kyle A. Shamberg*
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Phone: (312) 750-1265
*kcarroll@carlsonlynch.com*
*kshamberg@carlsonlynch.com*

**FREED KANNER LONDON & MILLEN LLC**
Jonathan M. Jagher*
Kimberly A. Justice *
923 Fayette Street
Conshohocken, PA 19428
Phone: (610) 234-6487
*jjagher@fklmlaw.com*
*kjustice@fklmlaw.com*

**CONSUMER PROTECTION LEGAL, LLC**
Tiffany Marko Yiatras (*pro hac vice*)
308 Hutchinson Road
Ellisville, Missouri 63011-2029
Phone: (314) 541-0317
*tiffany@consumerprotectionlegal.com*

**LAW OFFICE OF FRANCIS J. "CASEY"
 FLYNN, JR.**
Francis J. "Casey" Flynn, Jr.*
3518A Arsenal Street
Saint Louis, Missouri 63118
Phone: (314) 662-2836
*casey@lawofficeflynn.com*

*Attorneys for Plaintiffs*

*Pro Hac Vice* Forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of September, 2020, I caused a true and correct copy of the foregoing **MOTION AND SUPPORTING MEMORANDUM OF LAW FOR APPOINTMENT OF INTERIM LEAD COUNSEL, INTERIM LIAISON COUNSEL, AND INTERIM EXECUTIVE COMMITTEE PURSUANT TO FED. R. CIV. P. 23(g)(3)** with the Clerk of the Court for the Southern District of New York via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

Date: September 8, 2020

*/s/ Frederic S. Fox*
Frederic S. Fox
**KAPLAN FOX & KILSHEIMER LLP**

937354.6