UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
PAUL CULBERTSON, KATHY NEAL, : CASE NO. 1:20-cv-3962-LJL
KELLY ALLISON-PICKERING, :
ALEXANDER CABOT, BRIANA JULIUS, :
NICHELLE NEWLAND, BERNADETTE :
NOLEN, ALEXANDREA POLICHENA, and :
MARK NIEDELSON, individually and on :
behalf of all others similarly situated, :
 :
Plaintiffs, :
 :
-v- :
 :
DELOITTE CONSULTING LLP, :
 :
Defendant. :
 :
------------------------------------------------------------- X

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING

This case is before the Court on Plaintiffs Paul Culbertson, Kathy Neal, Kelly Allison-Pickering, Alexander Cabot, Briana Julius, Nichelle Newland, Bernadette Nolen, Alexandra Polichena, and Mark Niedelson's (collectively, "Plaintiffs") Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement and Release dated August 16, 2021 (the "Settlement Agreement"[1]) and the the proposed Notices (attached to the Settlement Agreement) revised as reflected in the parties' supplemental submissions filed on August 27, 2021 and the Claim Form (attached to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and

---

[1] The Parties shall file a fully executed version of the revised Settlement Agreement and Release consistent with their supplemental submissions as soon as practicable. The Settlement Agreement is deemed to included the revisions reflected in the supplemental submissions.

the Parties and for good cause shown,

**HEREBY ORDERS** as follows:

## Preliminary Approval of Settlement Agreement

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Action, Plaintiffs, all Settlement Class Members, Defendant Deloitte Consulting LLP ("Deloitte Consulting"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved, and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

## Class Certification

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> The 237,675 individuals identified on the Settlement Class List, in Illinois, Colorado, and Ohio who were notified via letter or email by the State Agencies between approximately May 18, 2020 and May 21, 2020 that certain personal information they submitted to the PUA systems in their respective states in connection with applying for pandemic-related unemployment claims may have been inadvertently exposed in the Data Security Incident.

5. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

(d) the claims of Plaintiffs are typical of those of Settlement Class Members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class;

(f) Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g) settlement of the Action on a class-action basis is superior to other means of resolving this matter.

7. The Court appoints Jeffrey S. Goldenberg of Goldenberg Schneider, L.P.A., as Lead Settlement Class Counsel, and appoints John A. Yanchunis of Morgan & Morgan Complex Litigation Group; Charles E. Schaffer of Levin Sedran & Berman LLP; Frederic Fox and Matthew George of Kaplan Fox & Kilsheimer, LLP; Katrina Carroll of Carlson Lynch, LLP; Gary Mason of Mason Lietz & Klinger, LLP; Tiffany Yiatras of Consumer Protection Legal LLC; Melissa S. Weiner of Pearson, Simon & Warshaw, LLP; and Thomas Zimmerman of Zimmerman Law Offices, P.C., as Settlement Class Counsel, having determined that the requirements of Rule 23(g)

3

of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court hereby appoints Plaintiffs Paul Culbertson, Kathy Neal, Kelly Allison-Pickering, Alexander Cabot, Briana Julius, Nichelle Newland, Bernadette Nolen, Alexandra Polichena, and Mark Niedelson as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

## Notice to Settlement Class Members

9. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the proposed Notices as revised, and finds that the dissemination of the Notices substantially in the manner and form set forth in the Settlement Agreement ("Notice Plan") complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10. The Court further approves the proposed Claim Form, which will be available both on the Settlement Website and by request in a form substantially similar to the example provided to the Court.

11. The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12. The Court hereby orders that, within twenty-one (21) days of entry of this Order, Deloitte Consulting, working with the State Agencies, shall provide to the Settlement Administrator the Settlement Class List containing the full names, current or last known addresses,

4

and personal email addresses (where known) for all persons who fall under the definition of the Settlement Class.

13. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the current contact information for all Settlement Class Members is maintained by the State Agencies. To facilitate notice, Plaintiffs and Deloitte Consulting shall require that any information provided to the Settlement Administrator by the State Agencies is used only for the administration of the Settlement. Plaintiffs and Deloitte Consulting shall include confidentiality requirements in their agreement with the Settlement Administrator to protect Settlement Class Members' information. The State Agencies may require that the Settlement Administrator adhere to procedures to protect the confidentiality of Settlement Class Members' information. The State Agencies may also require that the Settlement Administrator return or destroy all copies of the Settlement Class Member contact information upon the Settlement Administrator's completion of its duties.

14. Within thirty (30) days after receipt of Settlement Class List, the Settlement Administrator shall disseminate Notice to the members of the Settlement Class. Notice shall be disseminated via U.S. mail to all Settlement Class members and also via e-mail to Settlement Class Members whose personal e-mail addresses are known. Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members at any time prior to the Claims Deadline.

15. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund pursuant to the Settlement Agreement. Deloitte Consulting's funding of the Settlement Fund shall be the full and complete limit and extent of

Deloitte Consulting's obligations with respect to the Settlement.

16. The Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class in accordance with the Notice Plan and shall be made available to any Settlement Class Member that requests one.

<u>Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing</u>

17. Settlement Class Members may opt-out or object to the settlement up to seventy-five (75) days after the Notice Deadline (the "Opt-Out Deadline" and "Objection Deadline," respectively).

18. Any member of the Settlement Class who wishes to be excluded ("opt out") from the Settlement Class must send a written request ("Request for Exclusion") to the Settlement Administrator postmarked on or before the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

19. All Settlement Class Members who opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Deloitte Consulting.

20. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

21. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| **Event** | **Date** |
|---|---|
| CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Deloitte Consulting, working with the State Agencies, to Provide Settlement Class List Containing Contact Information for Settlement Class Members | Within 21 days after Entry of Preliminary Approval Order |
| Notice Deadline | 30 days after the Settlement Administrator's receipt of Settlement Class List |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Attorneys' Fees, Litigation Costs and Expenses, and Service Award Payments | At least 30 days before the Opt-Out and Objection Deadlines |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement | Within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 75 days after the Notice Deadline |

7

| Postmark / Filing Deadline for Filing Claims | 90 days after the Notice Deadline |
|---|---|
| Deadline for Plaintiffs to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | January 31, 2022 at 11 am Eastern |

22. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and Litigation Costs and Expenses, and request for the Court to award a Service Award Payment to the named Plaintiffs, shall also be heard at the time of the hearing.

23. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website. As referenced above, the Final Approval Hearing is scheduled to take place on January 31, 2022 at 11 am Eastern. Access details and any changes to the date and time of the Final Approval Hearing will be posted

8

on the Settlement Website.

24. Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

25. Any person who does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things: (a) the proposed Settlement; (b) entry of Final Approval Order and the judgment approving the Settlement; (c) Class Counsel's application for attorneys' fees and Litigation Costs and Expenses, or (d) the Service Award Payment request, by serving a written objection upon Class Counsel; Deloitte Consulting's counsel, and the Court.

26. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;; and (vi) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

27. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the

procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for attorneys' fees and Litigation Costs and Expenses; and/or (e) the Service Award Payment request for the Class Representatives, whether by appeal, collateral attack, or otherwise.

28. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

29. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Deloitte Releasees with respect to all of the Released Claims.

30. The Settlement Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The Settlement Administrator shall provide notice to Class Counsel and Deloitte Consulting of compliance with the CAFA requirements within ten (10) days of providing notice to the appropriate government officials under CAFA.

## Administration of the Settlement

31. The Court hereby appoints the Settlement Administrator proposed by the parties, Angeion Group (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the

Settlement Administrator and costs of administration shall be paid by Deloitte Consulting.

32. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Deloitte Consulting and any other released party, and Deloitte Consulting and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Action shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

33. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Deloitte Consulting as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: 8/27/2021

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE