USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
PAUL CULBERTSON, KATHY NEAL, KELLY                                      :
ALLISON-PICKERING, ALEXANDER CABOT,                                     :
BRIANA JULIUS, NICHELLE NEWLAND,                                        :
BERNADETTE NOLEN, ALEXANDREA                                            :   20-cv-3962 (LJL)
POLICHENA, and MARK NIEDELSON, individually                             :
and on behalf of all others similarly situated,                         :   ORDER
                                                                        :
                                Plaintiffs,                             :
                                                                        :
        -v-                                                             :
                                                                        :
DELOITTE CONSULTING LLP,                                                :
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The original Settlement Agreement in this case had language in the opt-out section to the following effect:

> If the Settlement Class Member is represented by counsel, and such counsel intends to seek compensation for his or her services from anyone other than the Settlement Class Member, the objection shall also contain the following information: (i) the identity of all counsel who represent the Settlement Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (ii) a statement identifying all instances in which the counsel or the counsel's law firm have objected to a class action settlement within the preceding five years, including the style and court in which the class action settlement was filed; (iii) a statement identifying any and all agreements that relate to the objection or the process of objecting—whether written or oral—between the Settlement Class Member, his or her counsel, and/or any other person or entity; and (iv) a statement regarding whether fees to be sought will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought; the factual and legal justification for any fees to be sought; the number of hours already spent by the counsel and an estimate of the hours to be spent in the future; and the counsel's hourly rate.

      The ostensible, and permissible, purpose of such language presumably was to identify objections that were not made in good faith on behalf of the class but only to extract an unnecessary change to the Settlement Agreement not in good faith and for the impermissible

purposes of obtaining a settlement by a class anxious to receive its distribution or counsel anxious to receive its fees.  At the same time, however, the language could have the effect of deterring a party with a valid objection from making such objection.  There are repeat objectors to settlements who have valid, or at least colorable and good faith, objections.  One purpose of notice is to invite anyone who has an objection to a settlement to make it so that the Court is fully informed of the issues the settlement raises.

The Court invited counsel either to submit briefing to justify the language or to delete it.  The parties elected to delete it.  The Court approves the settlement with the language deleted and the other changes made by the parties and as reflected in their submissions of today.

The Court issues this short order only to identify the issue and to advise that it has not prejudged it.

SO ORDERED.

Dated: August 27, 2021
      New York, New York
                                          LEWIS J. LIMAN
                                        United States District Judge