IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL CULBERTSON, KATHY NEAL, KELLY ALLISON-PICKERING, JESSICA HAIMAN, ALEXANDER CABOT, BRIANA JULIUS, NICHELLE NEWLAND, BERNADETTE NOLEN and ALEXANDRIA POLICHENA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>Defendant. | Case No.: 1:20-cv-3962-LJL |

**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPLICATION FOR CLASS REPRESENTATIVES SERVICE AWARD PAYMENTS, AND MOTION FOR ATTORNEYS' FEES, COST, AND SERVICE AWARDS**

LEWIS J. LIMAN, United States District Judge:

Paul Culbertson, Kathy Neal, Kelly Allison-Pickering, Alexander Cabot, Briana Julius, Nichelle Newland, Bernadette Nolen, and Alexandria Polichena, ("Plaintiffs"),[1] and Deloitte Consulting LLP ("Defendant") entered into a Settlement Agreement and Release (the "Settlement Agreement"), ECF 143-1, to fully and finally resolve Plaintiffs' claims against Defendant.

The Court having held a Final Approval Hearing on January 31, 2022, to determine whether the terms of the Settlement Agreement were fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendant; notice of the Final

---

[1] Plaintiff Jessica Haiman was voluntarily dismissed from the action. *See* Notice of Dismissal. ECF 134.

Approval Hearing having been duly given in accordance with this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying Settlement Class, Approving Notice Plan, and Scheduling Final Approval Hearing (the "Preliminary Certification Order"), ECF 137; and having considered all matters submitted to it at the Final Approval Hearing, overruling the sole objection from the Settlement Class, and the complete record and files in this Action, and finding no just reason for delay in order of this dismissal and good cause appearing,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1. This Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, for all matters relating to this Action and the settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment.

2. This Final Approval Order incorporates the Settlement Agreement and the Preliminary Approval Order. Unless otherwise defined herein, capitalized terms have the same meanings as defined in the Settlement Agreement.

**I.     FINAL APPROVAL OF SETTLEMENT**

3. The provisions of the Settlement Agreement are hereby finally approved. Upon review of the record, including the Preliminary Approval Order, ECF 137, the arguments and information presented at the January 31, 2022 Final Approval Hearing, the supplemental memorandum and declaration of counsel filed on February 10, 2022, and the findings made as a result of the January 31, 2022 Final Approval Hearing, including on February 15, 2022, the Court concludes that the Settlement is fair, reasonable, and adequate within the meaning of Federal Rule 23 and in the best interests of the Settlement Class based on analysis of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974):

        a.        The Settlement Agreement was procedurally fair and attained following an extensive investigation of the facts;

        b.        The Settlement Agreement resulted from vigorous arm's-length negotiations aided by an experienced mediator, Honorable Wayne R. Andersen ("Judge Andersen") of JAMS;

        c.        The negotiations were undertaken in good faith by counsel with significant experience litigating complex litigation, class actions, and privacy cases; and

        d.        There is no evidence of collusion in reaching this Settlement Agreement.

    4.        Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement and finds that the Settlement, the benefits to the Settlement Class Members, and all other aspects of the settlement are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Defendant's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

    5.        The Class Representatives (as defined in the Preliminary Approval Order), Co-Lead Class Counsel, and Defendant are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

**II.    CERTIFICATION OF THE SETTLEMENT CLASS**

    6.        In the Preliminary Approval Order, the Court certified the following Settlement Class:

The 237,675 individuals identified on the Settlement Class List, in Illinois, Colorado, and Ohio who were notified via letter or email by the State Agencies between approximately May 18, 2020 and May 21, 2020 that certain personal information they submitted to the PUA systems in their respective states in connection with applying for pandemic-related unemployment claims may have been inadvertently exposed in the Data Security Incident.

7. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

8. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for the same reasons set forth in the Court's Preliminary Approval Order.

9. The Court previously appointed Plaintiffs Paul Culbertson, Kathy Neal, Kelly Allison-Pickering, Alexander Cabot, Briana Julius, Nichelle Newland, Bernadette Nolen, Alexandra Polichena, and Mark Niedelson as Settlement Class Representatives, and hereby reaffirms that appointment.

10. The Court previously appointed Jeffrey S. Goldenberg of Goldenberg Schneider, L.P.A. as Lead Settlement Class Counsel, and John A. Yanchunis of Morgan & Morgan Complex Litigation Group; Charles E. Schaffer of Levin Sedran & Berman LLP; Frederic Fox and Matthew George of Kaplan Fox & Kilsheimer, LLP; Katrina Carroll of Carlson Lynch, LLP; Gary Mason of Mason Lietz & Klinger, LLP; Tiffany Yiatras of Consumer Protection Legal LLC; Melissa Weiner of Pearson, Simon & Warshaw, LLP; Thomas Zimmerman of Zimmerman Law Offices, as Settlement Class Counsel, and hereby reaffirms that appointment.

11. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the Settlement, as follows:

 a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

 b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Class;

 c. Pursuant to Rule 23(a)(3), the Court determines that the Class Representatives' claims are typical of the claims of the Settlement Class Members;

 d. Pursuant to Rule 23(a)(4), the Court determines that Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

 e. Pursuant to Rule 23(b)(3) the Court determines that the common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

 f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the controversy and is superior to other available methods for the fair and efficient adjudication of this Action.

12. If the Effective Date does not occur, then certification of the Settlement Class shall be deemed null and void as to the parties subject to the Settlement Agreement without the need for further action by this Court.

### III. CLASS NOTICE

13. The Preliminary Approval Order outlined the form and methods by which Plaintiffs would provide the Settlement Class with Notice of the Settlement Agreement, the Final Approval Hearing, and related matters, ECF 137, and which is incorporated by reference.

14. In the Preliminary Approval Order, the Court found that the Settlement Class Notice (or "Notice") was the best notice practicable under the circumstances. The Notice provided that Defendant, working with the State Agencies, was to provide to the Settlement Administrator the Settlement Class List, that the Settlement Administrator was to disseminate Notice via U.S. mail to all Settlement Class Members and also via e-mail to Settlement Class Members whose personal e-mail addresses are known. This process, and the creation and maintenance of the Settlement Website constitute the "Notice Plan." The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.

15. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their right to exclude themselves from the settlement, or to object to any part of the settlement, and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who did not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law. The Court notes that no objection was submitted concerning the Notice Plan.

16. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the settlement before entering its Final Approval Order and Final Judgment.

17. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Final Judgment.

18. No Settlement Class Member is relieved from the terms of the Settlement Agreement, including the Release provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual notice of the settlement. A full opportunity has been offered to Settlement Class Members to object to or opt out of the proposed Settlement Agreement and to participate in the Final Approval Hearing thereon.

19. A total of 10 Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits. There was one objection, which the Court overrules.

20. Any Settlement Class Member who did not submit a timely and valid Claim Form is not entitled to receive any of the proceeds from the Net Settlement Fund, but is otherwise bound by all of the terms in the Settlement Agreement, including the terms of the Final Judgment and the Release provided for in the Settlement Agreement, and therefore is barred from bringing or participating in any action in any forum against the Released Parties concerning the Released Claims.

IV. **OTHER PROVISIONS**

21. This Action is hereby dismissed with prejudice on the merits and without costs to any party or person, except as otherwise provided herein or in the Settlement Agreement.

22. The Court finds and confirms that the account established and administered by the Settlement Administrator pursuant to the Settlement Agreement (the "Account") is a "qualified settlement fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

23. The Court shall retain continuing jurisdiction over the Account, pursuant to Section 1.468B-1(c)(1) of the Treasury Regulations.

24. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Defendant and the Settlement Administrator may jointly elect to treat the Account as coming into existence as a "qualified settlement fund" on the latter of the date the Account meets the requirements of Paragraph 14 of the Preliminary Approval Order or January 1 of the calendar year in which all of the requirements of Paragraph 14 of the Preliminary Approval Order are met. If such a relation-back election is made, the assets held in the Settlement Escrow Account on such date shall be treated as having been transferred to the Settlement Escrow Account on that date.

25. Upon the occurrence of the Effective Date, all Settlement Class Members and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have released, acquitted, and forever discharged any and all Released Claims against Deloitte Consulting, and each of its predecessors in interest, present and former subsidiaries, parents, affiliates (including without limitation Deloitte LLP, Deloitte & Touche LLP, Deloitte Tax LLP, Deloitte Financial Advisory Services LLP, Deloitte Transactions and Business Analytics LLP, Deloitte Services LP, and Deloitte USA LLP), divisions, joint ventures, and controlled entities, and, solely in its capacity as such, each of the preceding entities' past, present and future insurers, subrogees, co-insurers and reinsurers, agents, representatives, officers, directors,

employees, principals, partners, members, shareholders and owners, predecessors, successors, assigns, transferees, heirs, executors, administrators, and attorneys (collectively, "Deloitte Releasees").

26. All Releasing Parties will be deemed by the Final Approval Order and the Final Judgment to acknowledge and waive any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." The Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. Each party expressly acknowledges that it has been advised by its attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits it may have had pursuant to such section.

27. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members, from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Deloitte Releasee; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Action.

28. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Action or in any proceeding in any court, administrative agency or other tribunal.

29. Defendant and Deloitte Releasees release Plaintiffs and Class Counsel from any and all claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Claims.

30. The finality of the Final Approval Order and Final Judgment shall not be affected by any order, if any other should arise, entered regarding the Settlement Class Counsels' motion for attorneys' fees and expenses and/or any order entered regarding the incentive awards to the Settlement Class Representatives.

31. If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

32. The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Approval Order, or the Final Judgment;

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

c.   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

33.   Without affecting the finality of this Final Approval Order or the Final Judgment, Defendant and each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

34.   The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

35.   Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

36.   In the event that the Effective Date does not occur or the Final Approval Order and Judgment is modified or reversed in any material respect by any appellate or other court, the Parties shall work together in good faith within 60 days from the date of such non-occurrence to consider, draft, and submit reasonable modifications to the Agreement to address any issues identified by the Court or that otherwise caused the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate the Agreement on seven days written notice to

the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

## V.   SERVICE AWARDS, FEE AWARD AND COSTS

37.   Plaintiffs filed their Motion for Attorney's Fees, Litigation Costs, and Service Awards on December 3, 2021 (the "Motion"). ECF 144. Having considered the Settlement Agreement; the Motion, memorandum of law, supporting declarations and exhibits; overruling the sole conclusory objection, ECF 146-17; all arguments presented at any hearing of this matter; all relevant papers on file herein; and finding good cause hereby ORDERS:

38.   Class Counsel provided adequate Notice of the Fee Application to the potential class members in a reasonable manner, and such Notice complies with Federal Rules of Civil Procedure 23(h)(1) and due process. The Notice provided to all potential class members stated that Class Counsel could seek attorneys' fees up to 33.33% of the Settlement Fund plus reimbursement of expenses not to exceed $25,000.00, and further directed Settlement Class Members to a case-specific settlement website on which was activated on October 15, 2021. Settlement Class Members were given the opportunity to object to the Motion in compliance with Rule 23(h)(2), however the only conclusory objection is hereby overruled.

39.   The Court hereby awards $1,649,835.00 in attorneys' fees (33.33% of the Settlement Fund) to Class Counsel.  Having reviewed Class Counsel's Motion, the Court finds the requested amount of attorney's fees to be fair, reasonable, and appropriate pursuant to *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and applicable case law. The Court analyzed each *Goldberger* factor in detail at the January 31, 2022 Final Approval Hearing and on February 15, 2022, and incorporates those findings by reference.

40. The Court also finds that Class Counsel have incurred $20,509.34 in Litigation Costs and Expenses. All of these costs were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this case. The Court finds that Class Counsel are entitled to reimbursement for these costs and incorporates by reference the findings made at the January 31, 2022 Final Approval Hearing and on February 15, 2022.

41. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement Agreement created a Settlement Fund of $4,950,000.00 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

    b. Settlement Class Members who submitted timely and valid Claim Forms benefited from the Settlement Agreement because of the efforts of the Class Counsel and the Class Representative Plaintiffs;

    c. Settlement Class Members, regardless of whether they submit a Claim Form, will benefit from the remediation measures identified in the Settlement Agreement (¶ 50) and in view Defendant's offer to "each notified claimant 12 months of free credit monitoring through Experian Identity Works." ECF 143-1 at 1.

    d. The fee sought by Class Counsel is fair and reasonable;

    e. Class Counsel have prosecuted this Action with skill, perseverance, and diligence, as reflected by the Settlement Fund achieved and the positive reception of the Settlement Agreement by the Settlement Class;

    f.  This Action involved complex factual and legal issues that were extensively researched and developed by Class Counsel;

    g.  Had the Settlement Agreement not been achieved, a significant risk existed that Plaintiffs and the Class Members may have recovered significantly less or nothing from Defendant;

    h.  Public policy considerations support the requested fees; and

    i.  The amount of attorneys' fees awarded and expenses reimbursed is appropriate to the specific circumstances of this Action.

  42.  Lead Class Counsel shall allocate the awarded attorneys' fees and expenses among Counsel in a manner in which, in their judgment, reflects the contributions of such counsel to the prosecution and settlement of this Action.

  43.  The Court further approves Service Award Payments of $1,500 for each Settlement Class Representative for their active participation in this Action. This incentive award is justified by: (1) the risks Settlement Class Representative Plaintiffs faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Action by the Settlement Class Representative Plaintiffs; and (3) the benefits the Settlement Class Representative Plaintiffs helped obtain for the Settlement Class Members under the Settlement Agreement. The Court incorporates by reference the findings made at the January 31, 2022 Final Approval Hearing.

  44.  The attorneys' Fee Award and Costs and Service Award Payment set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

45. The Clerk of the Court is hereby directed to CLOSE THIS FILE.

IT IS SO ORDERED.

Dated: 2/16/2022

HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION
SETTLEMENT AND CERTIFYING SETTLEMENT CLASS