**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- X
PAUL CULBERTSON, KATHY NEAL,            :        CASE NO. 1:20-cv-3962-LJL
KELLY ALLISON-PICKERING,                :
ALEXANDER CABOT, BRIANA JULIUS,         :
NICHELLE NEWLAND, BERNADETTE            :
NOLEN,ALEXANDREA POLICHENA, and         :
MARK NIEDELSON, individually and on     :
behalf of all others similarly situated, :
Plaintiffs,                             :
-v-                                     :
DELOITTE CONSULTING LLP,                :
          Defendant.                    :
-------------------------------------------------------- :
                                         X
```

## FINAL JUDGMENT

The Court having held Final Approval Hearings on January 31, 2022 and February 15, 2022, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying Settlement Class, Approving Notice Plan, and Scheduling Final Approval Hearing (the "Preliminary Certification Order") (ECF No. 137), and having considered all matters submitted to it at the Final Approval Hearings and otherwise, and having entered the Order Granting Final Approval to Class Action Settlement and Certifying Settlement Class on February 16, 2022 (ECF No. 159), and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Settlement Agreement and Release filed with the Court on 9/20/21, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Final Approval Order and Judgment ("Final Judgment").  The

terms of this Court's Preliminary Certification Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Action pursuant to 28 USC §§1332 and 1367 and over the Parties, including all members of the following Settlement Class certified for settlement purposes:

> The 237,675 individuals identified on the Settlement Class List, in Illinois, Colorado, and Ohio who were notified via letter or email by the State Agencies between approximately May 18, 2020 and May 21, 2020 that certain personal information they submitted to the PUA systems in their respective states in connection with applying for pandemic-related unemployment claims may have been inadvertently exposed in the Data Security Incident.

3.      Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant Deloitte Consulting LLP ("Deloitte Consulting" or "Defendant"), its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

4.      The Court finally certifies the Settlement Class for settlement purposes and finds that it satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class

action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiffs Paul Culbertson, Kathy Neal, Kelly Allison-Pickering, Alexander Cabot, Briana Julius, Nichelle Newland, Bernadette Nolen, Alexandra Polichena, and Mark Niedelson and Class Counsel, and Defendant and Defendant's counsel and was negotiated with the assistance of an experienced mediator, Honorable Wayne R. Andersen of JAMS.  There is no evidence of collusion in reaching this Settlement Agreement.

6.      The Court hereby finds and concludes that Settlement Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Certification Order.  The Court notes that no objection was submitted concerning the Notice Plan.

7.      The Court further finds and concludes that the Settlement Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Judgment.

8.      This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9.      A total of 11 Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be

entitled to any of its benefits. There was 1 objection which the Court overrules.

10.     The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate, and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and *City of Detroit v. Grinnell Corp*., 495 F.2d 448, 463 (2d Cir. 1974) and directs the Parties to fully implement the Settlement pursuant to its terms and conditions. Each Settlement Class Member who did not opt out is hereby bound by the Settlement Agreement.

11.     The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representatives and Settlement Class Counsel, that the Settlement was negotiated at arm's length, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, that the distribution of relief and method of processing claims was adequate and fair, that the terms and timing of payment associated with Settlement Class Counsel's request for attorneys' fees was adequate and fair, and that all other relevant factors, including that the Settlement Agreement treats Settlement Class Members equitably relative to each other, demonstrate that this Settlement should be finally approved by the Court as fair, adequate, and reasonable.

12.     This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13.     Plaintiffs and the Settlement Class Members fully and finally release and forever discharge the Released Parties from the Released Claims.

14.     Any Settlement Class Member who did not submit a timely and valid Claim Form is not entitled to receive any of the proceeds from the Net Settlement Fund, but is otherwise bound by all of the terms in the Settlement Agreement, including the terms of this Final Judgment and

the Release provided for in the Settlement Agreement, and therefore is barred from bringing or participating in any action in any forum against the Released Parties concerning the Released Claims.

15.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Settlement, the Preliminary Certification Order, and/or this Final Judgment.

16.     If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

17.     The Court grants Settlement Class Counsel's application for fees and costs, and awards $1,649,835 in attorneys' fees and $20,509.34 in costs. The Court finds these amounts appropriate, fair, and reasonable. The Court awards each Settlement Class Representative $1,500 as a service award and finds this amount fair and reasonable.  Lead Settlement Class Counsel shall

have responsibility for allocating the fees and expenses consistent with the Settlement Agreement and Release.

18.     Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

19.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  4/7/2022

Hon. Lewis J. Liman
United States District Judge